UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MOSZ,<br><br>        Plaintiff,<br><br>    v.<br><br>Dr. ALLRED,<br><br>        Defendant. | No. 2:19-cv-1253 DB P<br><br><br>ORDER |

      Plaintiff, a federal prisoner proceeding pro se, has filed an action alleging that his rights have been violated. Plaintiff states that this action arises under 42 U.S.C. § 1983. This case was originally filed in the United States District Court for the Northern District of California. The Northern District transferred the action to this court where venue is proper. (See ECF No. 4.)

      The initial filing in this action was captioned: "Complaint for Preliminary Injunction." (ECF No. 1 at 1.) Petitioner requests an order directing Dr. Allred to provide plaintiff with "specialist recommended tests and medication." (Id.) Plaintiff has attached various exhibits related to his medical treatment in support of his request.

////

////

////

////

////

1

The court notes[1] that plaintiff has another prisoner civil rights action pending in this district. See Mosz v. Allred, Case No. 19-cv-1010 DB. The complaint contains allegations similar to those contained in the initial filing in this action. In both actions, plaintiff alleges that defendants have violated his rights under the Eighth Amendment by acting indifferent to his serious medical needs. He further alleges that the defendants have disregarded recommendations and orders made by a doctor and a specialist. Because it is not immediately clear whether plaintiff intended to file two distinct lawsuits, the court will instruct plaintiff to indicate whether he would like to proceed with both actions.

Additionally, plaintiff is warned that duplicative lawsuits filed by litigants proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); see also M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of service of this order plaintiff shall either:

    a. Inform the court in writing that he would like to proceed with both cases; or

    b. File a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

2. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: January 29, 2020

/s/ Deborah Barnes

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/mosz1253.scrn

---

[1] The court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determinate by sources whose accuracy cannot reasonably be questioned).